Stevens *v.* Mangum.

---

JAMES H. STEVENS *v.* WILLIAM H. MANGUM.

The statute provides, that " on all judgments rendered by any justice of the peace, execution shall issue in like manner as on judgments rendered by 'any court of record;" and another clause of the same section says, that " all executions and summonses for garnishees in attachment shall issue to the county in which such principal or surety or garnishee may reside, and shall be only executed and returned by the sheriff, coroner, or constable of the county to

Stevens *v.* Mangum.

which the same is sent:"—*Held*, that the levy of an execution upon property emanating upon a judgment rendered in a different county from the one in which the levy is made, is a legal levy, and authorized by the statute.

It will be presumed that there was evidence sufficient to support a judgment rendered, until the contrary is shown by the record.

Judgments obtained in a justices' court bear equal dignity with judgments rendered in the circuit courts; and justices' courts are courts of record. *Brian* v. *Davidson*, 25 Miss. R. 213, cited and confirmed.

If no lien attached to the property levied on before it was sold by D. and transferred from the county of H. to the county of Y.:—*Held*, that the levy on it was unauthorized and void; but if a lien in favor of the judgment creditor attached in the county from which the property was removed, then its subsequent removal would not divest the lien. *Chilton* v. *Cox*, 7 S. & M. 791, cited and confirmed.

The lien of a judgment commences and takes effect from the date of the enrolment, and not from that of its rendition.

In the absence of proof to the contrary, a verdict and judgment rendered will be presumed to be correct.

The statute (Hutch. Co. 892) provides, that "the liens of judgments, decrees, and forfeited forthcoming bonds should operate only in favor of the judgment creditors against the judgment debtors, and purchasers from such judgment debtor or debtors, and then only from the date of their enrolment as between them:"—*Held*, that the lien of a judgment does not attach to property which has been transferred by a judgment debtor, and which has passed from his vendee into the possession of a sub or remote vendee.

On appeal from the circuit court of Yazoo county; Hon. R. Barnett, judge.

The facts are contained in the opinion of the court and the briefs of counsel.

*Gibbs* and *Bowman* for appellant.

The record in this case raises the question, Is the judgment of a justice of the peace a lien upon the property of the defendant without the county where rendered? And if so, Is it a lien in the hands of the vendee of the defendant's vendee, purchasing without notice in another county?

Can an execution issue from a magistrate, directed to the sheriff of another county, and where the defendant in execution did not reside, and was not in the county?

The ruling of the court below in admitting proof of the judgment and execution, it being admitted that a sale of the prop-

Stevens *v.* Mangum.

erty levied upon was sold in Yazoo county to the plaintiff in error by one who purchased of the defendant in the execution, the ruling of the testimony having been objected to, presents the questions above stated.

The act of 1830, Hutch. Co. 701, (and upon which counsel for defendant in error rely,) enacts that the judgments of justices of the peace should be of " equal dignity " with judgments of circuit court, makes them liens upon defendants' property, and should, we think, be construed with reference to the jurisdiction of the court. It is true the terms of the statute do not limit the lien to the county where the judgment was rendered, nor was it necessary in terms to do so, for the legislature had not provided for any process upon its judgments to be run *ad libitum* throughout the State, and the jurisdiction of a justice of peace had been limited by law, and could not go beyond the county of his residence. He cannot sue anybody out of his beat. Hutch. Co. 690, § 10. He cannot issue a subpœna to another county. Ib. § 13. His warrant for the arrest of a felon escaped from his county, cannot be recognized in an adjoining county. Ib. 689, § 6. An affidavit or certificate even could not be recognized by any court, or an officer of another county, without certificate of clerk of a court of record.

A justices' court is or is not a court of record. If it is not a court of record (which we believe is the case), how can its judgments and process be recognized as imparting verity, and enforced? If it is a court of record, then its lien must be procured by enrolment under the act of 1844. Hutch. Co. 891. To give them a lien without, would be assigning to judgments of justices of peace more than " equal dignity." The 8th section of the act applies to all judgments, and limits all liens of judgments to property in the hands of the judgment debtor, or his immediate vendee, for the obvious reason that it is the policy of the law to quiet titles to property; and it is impracticable, in making purchases, to ascertain judgment liens of all prior owners of the property. We think the section alluded to is sufficient to dispose of this case.

Section 16, Hutch. Co. 692, will, I presume, be relied on for the power claimed to run executions throughout the State; but

if that could be done at all without a certificate of clerk and seal attached, yet to bring this case within the provision of that clause of the statute, they should. have shown that the defendant was a resident of Yazoo county, which they have not done, and in point of fact he is not; the law presumes he is a resident of the jurisdiction of the magistrate, and such presumption would continue until removed by proof.

The statute, Hutch. Co. § 7, confines the power of running executions to counties other than that in which the judgment is obtained, to courts of record.

*Burrus* and *Dougherty* for appellee.

1. The first point raised by the exceptions taken to the ruling of the court below by the plaintiff was, that executions from the justices' court could not be issued and directed to another and different county. We think the court was right in this ruling, because the statute says, " on all judgments rendered by any justice of the peace, execution shall issue in like manner as on judgments rendered by any court of record." H. & H. 429, § 18. This law was passed in 1833. The law authorizing executions upon judgments of courts of record to any county in the State, was passed in 1822. See Hutch. Co. 899, § 7.

2. It is contended by plaintiff's counsel, that the judgment obtained in Holmes county should have been enrolled in Yazoo. We think the law of 1830, Hutch. Co. 701, § 13, giving a lien upon all the property of defendant (with the exceptions therein mentioned), is coextensive with the State, and has not been repealed.

The abstract or lien law of 1841 designates the particular courts in which judgments may have been obtained, and a compliance with it being necessary to obtain or retain the lien. So also the laws of 1844 and 1846, Hutch. Co. 890, 891, 894. Besides, the justices' court is not a court of record.

Mr. Chief Justice SMITH delivered the opinion of the court.

It appears that two judgments were rendered against William Dinkins, in a magistrate's court in Holmes county, on which executions were issued, directed to the sheriff, or any constable

in the county of Yazoo. These executions were levied upon a certain horse as the property of the said Dinkins. Stevens, the plaintiff in error, sued out a writ of replevin against the officer who made the levy, and upon giving bond as required by the statute, the officer having failed to do so, the property was delivered to him. An issue was made up in the cause and submitted to the jury, who found for the defendant; whereupon judgment for the assessed value of the horse and damages was entered against Stevens, who filed a bill of exceptions, and sued out a writ of error to this court.

It is now insisted that the judgment was erroneous.

1. Because the levy under which the defendant claimed title to the horse was illegal and void, having been made in Yazoo county, in virtue of executions emanating upon judgments in a magistrate's court rendered in Holmes county.

It is provided in the 18th section of the statute, in regard to justices of the peace, H. & H. 429, that "on all judgments rendered by any justice of the peace, execution shall issue in like manner as on judgments rendered by any court of record;" and by the last clause of the same section it is further provided, that "all executions and summons for garnishees in attachment, shall issue to the county in which such principal or surety or garnishee may reside, and shall be duly executed and returned by the sheriff, coroner, or constable of the county to which the same is sent."

This was an express authority for the issuance and direction of the executions, if Dinkins was a resident of Yazoo county. But it was not shown that he did not reside in that county. The bill of exceptions does not profess to embody the whole of the evidence, or the substance of the evidence offered on the trial, and it is perfectly silent as to the fact of Dinkins' residence. We must, therefore, upon a principle applicable in all cases in which the judgment of a court is brought in question, presume that evidence was introduced on the trial which proved to the jury that Dinkins was a resident of Yazoo county at the time when the executions were issued and sent there.

2. Because the judgments were not enrolled, agreeably to the statute, in the clerk's office of Yazoo county.

41 *

Judgments obtained in a justices' court bear equal dignity with judgments rendered in the circuit courts. Hutch. Dig. 701, § 13. It has been holden by this court, that justices' courts are courts of record, and that judgments pronounced before them are within the provisions of the enrolment law. *Brian* v. *Davidson*, 25 Miss. R. 213. Hence if no lien attached to the property levied on before it was sold by Dinkins, and transferred from Holmes county into Yazoo, the levy was unauthorized and void. If, on the other hand, a lien in favor of the judgment creditor attached in Holmes county, the removal of the property, subsequently, would not divest it. *Chilton* v. *Cox*, 7 S. & M. 791.

The lien of a judgment commences and takes effect from the date of the enrolment, and not from that of the judgment. Hence, if the judgments were not enrolled in Holmes, the property was not subject to be levied on in Yazoo county, particularly as it had passed from the ownership of Dinkins, the defendant in the executions. But we must presume that the judgments were duly enrolled in Holmes, and that they constituted a lien on the property, as the fact of the non-enrolment was not made a ground of objection, and as nothing appears in the record from which it could be inferred that they were not enrolled. We must presume in favor of the verdict and judgments, in the absence of proof to the contrary, distinctly appearing of record, that every fact necessary to sustain the title of the defendant was established by the evidence in the cause.

3. Because the property, when levied on and taken in charge by the officer, was not liable to seizure and sale under the execution. The plaintiff was in possession and claimed title to the property as a *bonâ fide* purchaser, from a person to whom it was previously sold in Holmes county by the judgment debtor.

The validity of this exception must depend upon the 8th section of the enrolment law. Hutch. Dig. 892. By that section it is provided, that " the liens of judgments, decrees, and forfeited forthcoming bonds, shall operate only in favor of the judgment creditor, against the judgment debtor or debtors and purchasers from such judgment debtor or debtors, and then only from the day of their enrolment as between them."

This language admits of but one interpretation. It was

intended, manifestly, that the lien of judgments should not attach to property which was transferred by the judgment debtor, and which had passed from his vendee into the possession of a sub or remote vendee. The policy of this rule may well be questioned; but it is foreign from the duties of courts to comment upon the expediency of a legislative enactment, when no doubt can exist as to its meaning.

When the plaintiff purchased the property in question, he acquired the title divested of the lien which had attached, and which followed it into the hands of the first purchaser. It was not liable for the debts of the defendant in the executions, and consequently the levy was illegal and void.

Let the judgment be reversed, and the cause remanded for further proceedings in the court below.