### W. S. WHEELER et al. VS. M. H. DIXON, Sheriff.

1. ATTACHMENT FOR RENT: *Replevin by stranger.*
   Where property is held in possession by the sheriff, by virtue of a distress warrant, a stranger who has no interest in the property cannot maintain an action of replevin upon the ground that the goods, as the property of another, were not subject to distress. The sheriff had color of right, available against every one but the owner, who alone could contest the right of distress.

2. SAME: *Case in judgment.*
   P. leased to L. a plantation in Washington county; L. secured H. as tenant, and H. became responsible to L. for rent. P. sued out an attachment against H., who removed his property to Warren county to avoid the attachment. Another attachment was issued, directed to the sheriff of Warren county, who levied it on a lot of mules, which were replevied by one W., and the sheriff failing to give bond, the mules were delivered to W. upon the execution of the proper bond. It was conceded that the mules were owned by H. and removed to Warren county at his instance. Upon the issue in replevin, the court, sitting as a jury, rendered a verdict for the defendant in replevin. *Held,* that there was no error in the judgment, the sheriff being entitled to the possession; but the question of the liability of the mules, as the property of H., to the distress levy, is not presented for decision.

ERROR to the Circuit Court of *Warren* county.

Hon. GEORGE F. BROWN, Judge.

The facts in this case are fully stated in the opinion of the court.

The following errors are assigned:

1. The court erred as to the facts in the case; and the proofs submitted to the court (acting as jury) do not justify or uphold the judgment.

2. The court erred as to the law of the case, and the judgment rendered is contrary to law.

3. The court erred in refusing to grant the motion for a new trial.

4. The judgment entered in the court below is irregular in form and substance.

5. The court below had no jurisdiction of the case.

6. The sheriff of Warren county had [no right in law to seize the thirty-seven mules under the writ in his hands.

7. And for other errors to be stated on the hearing.

*Upton M. Young* and *Frank Johnston*, for plaintiff in error:

Distress is a harsh remedy, and was not intended to apply except it is clear that the relation of landlord and tenant exists by contract well defined.    That relation does not exist between Prince and Hay, and certainly no contract; any breach of Hay's promise with Love would not render him liable to Prince.    The lease to Love was one agreement.    The partnership between the latter and Hay was another, to which Prince was not a party. Hay was the partner of Love, but Love was tenant of Prince. Hay became the partner of Love.    The testimony establishes no liability on Hay.    41 Miss., 556.    The relation of landlord and tenant is not presumed, but is capable of proof.    The right to maintain this action must spring from that relation.    The occu-pancy of the premises by Hay is no evidence that he was the tenant of Prince.    Hay came into possession as partner of Love. 4 Kent Com. 490 ;  Taylor's L. & T., 330 ;  12 Wend., 555 ; 1 Hilt., 154.

*W. L. Nugent*, for defendant in error :

Hay, the tenant of Prince, owing arrears of rent to the amount of $3,000, and to avoid distress attachment, ran his mules from Washington county to Warren county.    The justice of the peace issued one writ to the sheriff of Washington county, and one to the sheriff of Warren county, at the suit of Prince.    Dixon, the sheriff of Warren county, levied on thirty-seven mules, which were replevied by the plaintiff in error.    The affidavit for the

writ of replevin is that prescribed by the statute in ordinary cases of replevin, and does not contain the necessary averments that "the goods and chattels distrained are his property, and not the property of the tenant, nor held in trust for the use of the tenant in any way whatsoever, and that the same, in his opinon, are not liable to such distress." The proceeding did not rest upon this affidavit, but an amended affidavit. See Rev. Code, 1857, p. 342, art. XII. The agreed state of facts shows that Wheeler has no claim. The issue was quite simple. Hay was the tenant of Prince; he occupied the premises, and attorned to Prince's agent. The rents were due and in arrears, and the mules were the property of Hay, beyond cavil. The law in force at the time provides the remedy sought by Prince. Rev. Code of 1857, pp. 339, 340, arts. I, V. The proceedings were valid. Stevens *v.* Mangum, 27 Miss., 481; Code, 1857, p. 378, art. XVI. If the judgment is merely informal, it ought to be corrected here.

TARBELL, J., delivered the opinion of the court.

In January, 1867, the following affidavit was made and filed before a magistrate of Washington county :

" STATE OF MISSISSIPPI — *Washington County.*

" Personally appeared before me, an acting justice of the peace in and for said county, W. L. Nugent, agent and attorney for W. B. Prince, who, being sworn, says, that Charles A. Hay is justly indebted to the said Prince in the sum of three thousand dollars, for rent due and in arrear on the Lake Plantation in said county.

"Affiant prays an attachment.

(Signed)          " W. L. NUGENT, Agent.

" Sworn to and subscribed before me, this 26th day of January, 1867.          N. J. NELSON, J. P.     [Seal.]

"Filed January 26, 1867.          J. B. GRAY, Clerk."

On the same day a bond was filed in the penalty of six thousand dollars, and thereupon an attachment issued to the sheriff of Washington county under the Code of 1857, p. 339, art. I.

To avoid this attachment, the property of Hay had been re-

moved from the plantation named, from the county of Washington to the county of Warren.   Upon the same affidavit, the same magistrate issued an attachment to the sheriff of Warren; the writ reciting that it was issued to him because of representations that the property of Hay had been removed thereto.   In obedience to this writ, the sheriff of Warren county returned that he had executed it by taking into his possession thirty-seven mules, as the property of the defendant therein, and summoned him to answer the writ, a copy of which he delivered to him.   This return was made to and filed with the justice who issued the writ. This was February 1, 1867.   On the next day the following affidavit was filed with the circuit clerk of the county of Warren:

"STATE OF MISSISSIPPI — *Warren County* — ss.

" Personally appeared before me, Geo. K. Birchett, clerk of the circuit court in and for said county, state aforesaid, W. S. Wheeler, who, upon oath, says, that M. H. Dixon, sheriff, the defendant in this case, wrongfully detains the following property of said affiant, to-wit: Thirty-seven mules of the aggregate value of forty-eight hundred and ten dollars; and that said plaintiff is entitled to the immediate possession of said property, and that his right of action has accrued within one year before making of this affidavit.                    (Signed)        W. S. WHEELER.

" Sworn and subscribed before me, this the 2d day of February, 1867.                        G. K. BIRCHETT, Clerk.

" D. W. HURST, Jr., D. C."

Upon this affidavit, and the bond filed therewith, a writ of replevin issued for the mules mentioned, returnable to the circuit court of Warren county.   The writ was addressed to and executed by the coroner.

The sheriff declined to give the required bond, and the property was delivered to Wheeler upon his bond, with Louis Hoffman and W. B. McCormick as sureties.

A declaration in due form was filed in the cause.   The sheriff pleaded a general denial, and specially an avowry and justification under the writ of attachment heretofore described.   To the

latter there was a replication, presenting only an issue of fact. On December 19, 1868, the following affidavit was filed in the cause :

"STATE OF MISSISSIPPI — *Warren County.* .

"Personally appeared before me, D. M. Hurst, Jr., clerk of the circuit court, U. M. Young, one of the attorneys for W. S. Wheeler, who, being by me duly sworn, deposes and says that the property distrained by W. Prince is the property of W. S. Wheeler, and not the property of Charles A. Hay, or any tenant of W. B. Prince, nor held in trust for the use of said Hay, or any tenant of said Prince ; and that said property (consisting of thirty-seven mules) is not, in his opinion, liable to the distress of the said W. B. Prince. Affiant states that the facts herein stated are, to the best of his information and belief, true.

(Signed)      "U. M. YOUNG, Jr., for W. S. WHEELER.

"Sworn and subscribed to before me, this 19th day of December, 1868.          D. W. HURST Jr., Clerk."

By consent of parties, the cause was heard by the court, without a jury, and upon an agreed state of facts, in substance as follows :

1. Lease of Lake plantation, in Washington county, dated October 17, 1865, from Prince to D. A. Love.

2. Contract between Love and Hay, December 4, 1865, with reference to same plantation.

3. Copies of affidavit and bond for attachment, writ of attachment and sheriff's return thereon ; that defendant Dixon held the thirty-seven mules in controversy by virtue of that process, when taken from him by this proceeding in replevin.

4. Sundry receipts for rent paid by Love and Hay.

5. It is agreed that the thirty-seven mules seized under the attachment were owned by Hay, and used on the Lake plantation during the year 1866, in pursuance of the agreement between Hay and Love.

6. That the mules were removed from Lake plantation by W.

B. McCormick, at the instance of Hay, to Warren county, to avoid their seizure in Washington county.

7. That the seizure was made within one week of the removal from the plantation.

8. The sworn statement of facts of W. L. Nugent, agent for Prince.

9. That upon former trial of this cause, Hay testified that the payments he made to Nugent were in pursuance of and under his contract with Love.

10. The value of the mules was $4,810.

Articles of agreement between Nugent, agent for Prince, and Love, bear date October 17, 1865, whereby Prince leased Lake plantation to Love for two years from December 31, 1865, for which Love was to pay $500 down, $2,000 on delivery of possession, and $4,500 December 1, 1866; $3,000 January 1, 1867, and $5,000 December 1, 1867, making $7,000 for the year 1866, and 8,000 for 1867.

Love and Hay entered into a contract December 4, 1865, for working Lake plantation. Among other things, Hay was to furnish mules and pay the rent for two years; Love was to give his time and attention to the business, and the crops were to be divided in the proportion specified in the agreement.

Then follows in the record, p. 17, the affidavit of Nugent, for the attachment; bond for same, p. 18; writ of attachment issued by the justice of the peace in Washington county, directed to the sheriff of Warren, p. 19; sheriff's return thereon of the seizure of the mules, as the property of Hay; that he summoned him to appear, etc., and the replevin of the mules by Wheeler, to whom they were delivered.

The testimony of Nugent, on the trial, is in substance as follows: He recites the lease to Love, his payment of $500, his representatation that he would be unable to meet the payment of $2,000, January 1, 1866; Love secured Hay as a tenant, representing him as reliable and responsible; Nugent, as agent for Prince, accepted Hay as tenant, and Hay attorned to Prince as landlord;

the $500 paid by Love was returned to him, and Hay became tenant and responsible for the rent. Upon the evidence, which has been substantially stated, the circuit judge, to whom the cause was submitted in lieu of a jury, found the issue for the defendant in replevin, assessing the value of the property at $4,810, and awarding judgment against Wheeler and his sureties.

There was a motion for a new trial, stating the following reasons: 1. The court acting in lieu of a jury erred in finding facts, and as a court, erred in applying the law to the facts; and the court erred in rendering the judgment in this case. 2. The finding of the court is unsupported by the evidence, and is contrary to the law.

This motion was overruled, when Wheeler alone filed with the clerk of Warren county a petition in writing for a writ of error, to operate as a *supersedeas*. The bond is by Wheeler, and the writ of error brings up the case in his name only.

It is insisted that the record exhibits the following errors:

1. That the evidence does not support the verdict.

2. That the judgment is contrary to the law.

3. In refusing to grant a new trial.

4. The judgment is irregular in form and substance.

5. The court below had no jurisdiction.

6. The sheriff of Warren county had no right, in law, to seize the thirty-seven mules under the writ.

The provisions of the statute involved in this case are these:

Art. I, p. 339, Code of 1857, requires the affidavit of rent due, to be made before some justice of the peace in the county where the demised premises are situated. Upon the affidavit and bond, "such justice shall issue an attachment against the goods and chattels of such tenant, directed to the sheriff, or any constable of the county, commanding him to distrain the goods and chattels of such tenant to an amount sufficient to satisfy the rent so due and in arrear, and all costs."

Notice of the distress shall be given to the tenant, or his representatives, in person, or by leaving such notice at the dwelling

house, or other most notorious place on the premises, charged with the rent, and shall ·forthwith advertise the property for sale, in not less than ten days, on the premises, or at some convenient public place, and if the tenant or owner of the goods shall not replevy the same before the time appointed for the sale, by giving bond, to be approved by the officer, payable to the plaintiff in the attachment, in double the amount claimed, conditioned for the payment of the rent, interest and costs, at the end of three months from the date of the distress, the officer shall sell the goods at public sale, and out of the proceeds shall pay costs and the rent, with interest.   Id., art. II.   " If any tenant shall at any time convey or carry off from the demised premises, his goods or chattels, leaving the rent, or any part thereof unpaid, the landlord or lessor may, within thirty days next after such carrying away, or carrying off such goods or chattels, cause the same to be taken and seized, according to the provisions of this act, wherever the same may be found, as a distress for the arrears of such rent, and the same to sell in the same manner as if they had been distrained in or upon the demised premises : *provided*, that no goods or chattels so carried off and sold in good faith, for a valuable consideration, before such seizure made, shall be afterwards liable to be so taken and seized for any arrears of rent." Id., Art. 5, p. 340.

Several questions arise under this statute.   When the goods are removed out of the county, to what justice of the peace must the landlord apply for the attachment?   Must he apply to a magistrate of the county from which or to which the goods are moved?   When seized, ought the goods to be taken back to the county whence removed, for sale and other proceedings?   What officer is authorized to make the seizure on the writ, the sheriff or constable of the county from which or to which the goods are removed?   Vide Stevens *v.* Mangum, 27 Miss., 481. It is not shown that any of these questions were presented to the court below.   The property was found in the county of Warren. It was seized by the sheriff of that county on a writ issued and directed

to him by a magistrate of the county whence it was removed. The sheriff returned the seizure and that he summoned the defendant in attachment. Thereupon the plaintiff in replevin invoked the jurisdiction of the circuit court of Warren, by an affidavit wholly insufficient, but to which no objection or exception appears to have been interposed, and so, upon the execution of the bond required by law, the property was delivered to him.

Art. XII, p. 342, Code of 1857, directs the affidavit which the plaintiff in replevin ought to have made : "Such writ of replevin shall issue in favor of such claimant, on his making and filing an affidavit that the goods and chattels distrained are his property, and not the property of the tenant, nor held in trust for the use of the tenant in any manner whatsoever, and that the same, in his opinion, are not liable to such distress."

The affidavit of Wheeler was simply to the effect that the mules were the property of the affiant, and that he was entitled to their immediate possession. This affidavit of Wheeler for the writ was made in February, 1867. In December, 1868, the attorney for Wheeler undertook to supply the defect in the affidavit of the plaintiff in replevin by one of his own. The latter was filed without objection. By the article (XII) just quoted, the property of any person "bound or liable for the rent," as well as the property of the tenant, "shall be liable to be distrained for the said rent." If, therefore, Hay was a tenant to Prince, or was "bound or liable for the rent of said premises," his property was "liable to be distrained for the said rent."

Manifestly, all questions of jurisdiction, as well as all technical questions, were ignored, if not expressly waived, in this case, and the cause tried upon the single proposition, as to whether Hay was the tenant of Prince, affirmed on one side and denied on the other. Hay is not a party to the suit, nor is he in any way complaining or interposing any right.

It was agreed that the mules did not belong to Wheeler, but did belong to Hay. Wheeler was, therefore, not entitled to their possession, and his affidavit of ownership, unexplained, presents,

not only his claim, if he ever had any, but himself, in an unfavorable and an unenviable attitude.

To the avowry of the sheriff, no objection or question was raised or presented by demurrer or otherwise during the progress of the cause, until now for the first time in this court. The record shows only an issue of fact was joined thereon, and no issue of law was made in any form or at any time, and the court passed simply upon the questions of fact presented by the pleadings. In this connection, it is significant, as indicating the issue tried in the circuit court, that in the written argument in this court of the counsel who conducted this case on the trial, only a single question is discussed, viz: Was Hay a tenant of Prince? And this is discussed as a question of fact upon the testimony of the agent of Prince. No proposition of law is referred to by him in his brief as involved in the case.

The verdict is simply for the defendant upon the facts. It was agreed that Wheeler was not, and that Hay was, the owner of the property; that it was used by Hay upon the demised premises, whereon it was removed to avoid the distress; and that it was seized by the sheriff of Warren in obedience to the writ of attachment heretofore set out. The mules, therefore, were taken from the possession of the sheriff by process sued out by one wholly without title, claim or right thereto, or to their possession. Indeed, the claim seems to have been fraudulent. The statement of the case is to solve it. After the agreed state of facts, Wheeler was without any standing in court. As to the sheriff, he was as a mere naked trespasser. Whether or not the attachment proceedings were regular, the possession of the sheriff thereunder was good against Wheeler, who could not contest it. The respective rights of Prince and Hay remain intact and yet to be settled. *Prima facie*, the mules were liable to the distress, and the possession of the sheriff was under the color of law, at least. As against Wheeler, he was entitled to their return or to their value. The respective rights of Prince and Hay are elaborately presented by counsel, but these arguments are premature.

Judgment affirmed.

SIMRALL, J., having been of counsel below, takes no part in this decision.