GARNER & NEVILLE *v.* LYLES & BRACY et al.

1. CHANCERY : PLEADING AND PRACTICE : DEMURRER : WHEN BILL GOOD AS TO ONE DEFENDANT, AND BAD AS TO ANOTHER.—When a bill is sufficient as to one of several defendants, it will not be dismissed on his demurrer, although it may be insufficient as to another defendant, who has not appeared and defended the suit.

2. SAME : FRAUDULENT GRANTEE IS EXECUTOR IN HIS OWN WRONG.—The grantee in a conveyance fraudulent as to the creditors of the grantor, and who, after the death of the latter, claims and holds possession of the property thus conveyed, is liable to the creditors of the decedent, as his executor *de son tort*, and may be proceeded against as such, both at law and in equity.

3. SAME : JURISDICTION : EXECUTOR DE SON TORT : PARTIES.—A court of equity has jurisdiction of a creditor's bill against the executor *de son tort* of the debtor, to set aside a fraudulent conveyance, made by the latter to the former; and it is no objection to such a bill, that there is no legal representative of the debtor who can be made a party defendant to it.

ERROR to the District Chancery Court at Macon. Hon. James F. Trotter, vice-chancellor.

This was a creditor's bill, filed by Garner & Neville, in behalf of themselves, and such other creditors of Lyles & Bracy as might

Garner & Neville *v*. Lyles & Bracy et al.

afterwards become legally parties complainant, for the purpose of subjecting certain property to the payment of certain judgments, owned by the complainants.

The bill shows that, in 1854, the complainants recovered two several judgments against John T. Lyles and W. R. Bracy, partners, under the firm, name, and style of Lyles & Bracy; and that they also recovered a judgment against W. D. Lyles, John T. Lyles, and W. R. Bracy, partners, under the name and style of Lyles, Bracy & Co.; that executions have been issued on these judgments, and returned *nulla bona;* that Bracy has since died, and that no administration has ever been granted on his estate; and that the complainants are non-residents, and cannot obtain a grant of letters to themselves; and that they have been unable to procure any one to take out letters of administration.

The bill further charges, that John T. Lyles had, at the time said judgments were rendered, and still has, " a large amount of real and personal property, rights, and credits, belonging to him, either individually, or as surviving partner of the firm of Lyles & Bracy, and which ought to be applied to the payment of said judgments; but the kind, amount, and situation of which is concealed and unknown to complainants; and they can only ascertain and subject the same by means of a discovery, and appropriation in chancery."

The same allegation is made as to W. D. Lyles, except that the property he has is charged to belong to him individually.

The bill then charges, that W. R. Bracy, at the time of his death, had a large amount of property, real and personal, and choses in action, belonging to the firms of Lyles & Bracy, and Lyles, Bracy & Co.; and also other large amounts belonging to himself; and, besides the above, he had, at the time of his death, a large amount of furniture, over and above the amount exempt by law from execution, which his widow now has in her possession and under her control, and claims as her own property.

That said Bracy also owned several slaves; one lot consisting of five, viz., Tom, Mary, Jackson, Esau, and Nora; and another lot, nine in number, named Harry, Jenny, Esther, Chiner, Elizabeth, Frankey, George, Tony, and Clarkey. That Robert E. Yates, the father-in-law of Bracy, has the said slaves in possession, and sets

up a claim to them; that he claims an interest in the first lot under a deed in trust, pretended to be executed by said Bracy to one Ferris; and, in the second lot, under a pretended deed in trust to Bowen; that he also sets up other claims to said slaves, sometimes under a mortgage, and, other times, he sets up a claim of a different character.

The bill charges, that these several claims are fraudulent as to the creditors of Bracy; and that, under the fraudulent and pretended deeds, Yates has procured the said Ferris and Bowen to advertise the slaves for sale; and that he intends, at the sale, to make public his other claims to said slaves, so as to prevent competition, and in order that he may purchase them at a small price.

It is further charged, that Bracy was never indebted to said Yates, and, if he ever was, that the debt has been paid; that Yates has received a large amount of assets from said Bracy, and that he owes a large sum for hire of the slaves.

The bill further charges, that Yates and Mrs. Bracy have so intermeddled with the estate of said W. R. Bracy as to constitute them executor and executrix in their own wrong, and seeks a discovery from them as to the above matters, with which they are charged to have connection. The bill also seeks for a discovery from John T. and W. D. Lyles, as to the matters charged against them; and for an account, and for an injunction against a sale under the deeds in trust; for a sale of the slaves and the other property, and the appropriation of the proceeds to the payment of complainants' judgments; and that the assets, discovered in the hands of John T. and W. D. Lyles, be also applied to said judgments, or for general relief.

Yates answered, in support of his demurrer, denying all fraud; and he and Mrs. Bracy demurred separately to the bill on the following grounds:—

1. Want of jurisdiction.
2. Want of proper parties.
3. Multifariousness.
4. Want of equity.
5. That complainants' remedy was complete at law.
6. Vagueness and uncertainty in the allegations of the bill.

John T. and W. D. Lyles did not appear; and, on the hearing

of the demurrers of Mrs. Bracy and Yates, the vice-chancellor dismissed the bill; and, from that decree, this writ of error is prosecuted.

*T. Reavis*, for plaintiffs in error.

I. A party cannot demur to the whole bill, and, at the same time, answer as to part. If he do so, the answer overrules the demurrer. He should answer as to the charges of fraud, and demur to the rest of the bill; and the demurrer should distinctly state the part demurred to. *Gray* v. *Regan*, 23 Miss. Rep. 304. For this reason, the demurrer of Yates should have been disallowed.

II. The bill charges Mrs. Bracy, as well as Yates, with fraud and collusion. She demurred to the whole bill, without answering this charge. Her demurrer, therefore, should have been overruled. *Niles* v. *Anderson*, 5 How. 365; *Stovall* v. *Northern Bank*, 5 S. & M. 17; *Morton* v. *The President, &c.*, 8 S. & M. 773; *Gray* v. *Regan*, 23 Miss. R. 304.

III. The bill charges that Yates claimed the slaves under pretended deeds of trust, made for his benefit, by Bracy to Ferris and Bowen; that he was attempting, through Ferris and Bowen, to sell the slaves under the deeds, so as to defeat the lien of the complainants' judgment upon them; and that these pretended liens of Yates, are fraudulent and void as to the complainants. These specific allegations are not specifically answered by Yates. He only makes a general denial of fraud. This is not sufficient. He should have denied every allegation from which fraud may be inferred. *Gray* v. *Regan*, 23 Miss. Rep. 304. His demurrer, therefore, should have been overruled for the insufficiency of his answer, if his answer itself did not overrule it.

IV. If, however, the demurrers were properly interposed, and were fortified by sufficient answers to the charges of fraud, they were not well taken, and should have been disallowed for these reasons:—

1. The bill contains equity in this respect: Bracy was a partner, both in the firm of Lyles & Bracy, and of Lyles, Bracy & Co. He, and his estate, are, therefore, liable for the whole amount of the judgments mentioned in the bill. Hutch. Code, p. 845, art. 7; *Marshall* v. *Calvit*, 5 How. 427; 1 Story's Eq. Jur. sec. 676, and

note 1; Collyer on Partnership, Perkins's Ed. sec. 580, 581, and note 3; Story's Eq. Plead. sec. 178, and note 4. Bracy being thus liable, the bill lies against his estate, to obtain satisfaction; and the other partners, and Yates, and Mrs. Bracy, having his assets, and claiming them as their own, or having converted them to their own use, are proper defendants to the bill. Story's Eq. Plead. sec. 178, and note 4. The bill expressly charges, that Yates and Mrs. Bracy had possessed themselves of Bracy's assets, claimed them as their own, and converted them to their own use. They are, therefore, proper parties to the bill, and cannot object to it on the ground of multifariousness, or want of privity. See the authorities cited above.

2. The bill also contains equity in this respect: It charges, that Yates and Mrs. Bracy have possessed themselves of property, belonging to Bracy, fraudulently, and in such a manner as to constitute themselves executors *de son tort*. This, of itself, is sufficient ground for a judgment creditor of Bracy to proceed against them in equity, without joining the personal representative of Bracy. *Chamberlayne* v. *Temple*, 2 Rand. Rep. 384; *Van Winkle* v. *Smith*, 26 Miss. Rep. 491; *Halbert* v. *Grant*, 4 Monroe, 580; 1 Lomax on Ex'rs. 79; *Densler* v. *Edwards*, 5 Ala. Rep. 31; Hutch. Code, p. 672, sec. 121; Sess. Laws of 1850, p. 103, chap. 34.

3. The bill also contains equity in this respect: It charges, that the conveyances under which Yates claims the slaves, or the right to sell them, are fraudulent and void as to Bracy's creditors. This, alone, gives the Court of Chancery jurisdiction. *Fowler* v. *McCartney*, 27 Miss. Rep, 509: *Niles* v. *Anderson*, 5 How. 365.

4. And the bill contains equity, because it seeks a discovery from Yates and Mrs. Bracy, to establish the fraud alleged, and charge them as executors *de son tort*. And it is a rule, that a demurrer for want of equity, will not be sustained, unless the court be satisfied, that no discovery called for by the bill, nor proof admissible to sustain it, can make the subject-matter of the suit a proper case for equitable cognizance. *Morton* v. *The President*, 8 Smedes & Marsh. 773.

5. There being no personal representative of Bracy, and there being a present necessity for the interposition of the court, by injunction, to prevent the threatened fraudulent sale of the slaves,

Garner & Neville *v.* Lyles & Bracy et al.

the bill should have been retained for the purpose of preventive justice, until the complainants could procure the appointment of an administrator of Bracy, and make him a party, by a supplemental bill. But the non-joinder of the administrator of Bracy, had there been one, was not a sufficient ground for dismissing the bill. The bill should have been ordered to stand over for an amendment, or a supplemental bill, making him a party. *Nash* v. *Smith*, 6 Conn. Rep. 387 ; *Milligan* v. *Milledge*, 3 Cranch, 220 ; Story's Eq. Plead. sec. 541, and note 4 ; 2 Stew. Rep. 326 ; 1 Stew. Rep. 566 ; 8 Porter, 272 ; 7 Ala. Rep. 369 ; 5 Ala. Rep. 179 ; 10 Ala. Rep. 703 ; 12 Ala. Rep. 580.

6. The objection that the bill is multifarious, cannot prevail. *Butler* v. *Spann*, 27 Miss. Rep. 234 ; *Graves* v. *Hull*, Ib. 419 ; *Delafield* v. *Anderson*, 7 Smedes & Marsh. Rep. 630 ; *Wright* v. *Shelton*, 1 Smedes & Marsh. Ch. 399 ; *Pleasants* v. *Glasscock*, Ib. 17 ; *Blackett* v. *Laimbeer*, 1 Sand. Ch. Rep. 366 ; *Halbert* v. *Grant*, 4 Monroe, 580 ; *Gaines* v. *Chew*, 2 How. U. S. Rep. 619.

7. But if the bill be multifarious, it ought not to have been dismissed on that account. The complainants should have been put to an amendment, or an election. *Gaines* v. *Chew*, 2 How. U. S. Rep. 644 ; *Marriott* v. *Givens*, 8 Ala. Rep. 695.

V. Even if the demurrer be well taken, the bill was improperly dismissed, as to all the parties. It should have been retained as to those who did not demur. Rule XLIX of Chancery Practice.

*Jarnagin* and *Rives*, for defendants in error.

The bill is multifarious : it seeks relief on two judgments, one against Lyles & Bracy, and the other against Lyles, Bracy & Co. W. D. Lyles has no interest in the first claim. "If a joint claim, against two or more defendants, is improperly joined in the same bill with a separate claim, against one of these defendants, in which the others have no interest, and which is wholly unconnected with the claim against them, all or either of the defendants may demur to the whole bill for multifariousness." 5 Paige, 65 ; 6 Paige, 28, and the authorities there cited.

The bill is also multifarious, in joining distinct and independent matters, and thereby confounding them. Seeking to enforce different demands against persons liable respectively, but not connected

with each other, the bill is clearly multifarious. Story's Pleadings, 271, and note 1; Ib. 530 and 540.

It will be noted, that the bill seeks satisfaction of their two judgments against Lyles & Bracy and Lyles, Bracy & Co., out of the copartnership effects of each of said firms, and out of the individual property of each member of said two firms; said bill filed for the benefit of complainants and the other judgment creditors of one of the firms, to wit, Lyles & Bracy, excludes the judgment creditors of the other firm of Lyles, Bracy & Co. If complainants can sustain this bill upon their two separate judgments against two separate firms, then it was as indispensable to make the judgment creditors of Lyles, Bracy & Co., parties, as it was to make the judgment creditors of Lyles & Bracy, parties. Now, suppose there are no other judgment creditors of Lyles & Bracy, and there are divers judgment creditors of Lyles, Bracy & Co., the whole of the assets of the last named may be exhausted in payment of complainants' judgments, to the exclusion of all other creditors of said firm. The bill not only blends and confounds the assets of the two firms, which may be liable to two separate sets of creditors, but the individual property of each member of said two firms, each interest being separate, in no wise connected with each other. On the death of Bracy, all his individual property, if he be insolvent, or the proceeds thereof, go *pro rata* to his creditors, in due administration. But here there is no administrator on the estate of Bracy, who can protect the interest of the estate, or the interest of the individual creditors thereof. The personal representative of Bracy is a necessary party to this suit. And said bill cannot be sustained, unless he be made a party. Now, should this bill be sustained, and all the individual property and rights and credits of Bracy be taken to pay the judgment creditors of Lyles & Bracy, the individual creditors of Bracy will get no portion in payment of their debts. Story, in his Equity Pleadings, page 121, says: "In all bills of this sort, the whole administration and settlement of the estate is assumed by the court, the assets are marshalled, and the decree is made for the benefit of all the creditors." The bill should be so framed as to entitle all creditors to come in under the decree, which cannot be done in this case. All the parties inte-

rested in the fund must be brought before the court. 2 Paige, 417, note.

There is nothing set forth in the bill, which authorizes the interposition of a court of equity. The complainants sue as general creditors, holding a pure legal claim, seeking to subject the property in the hands of defendants, which they allege belongs to the estate of W. R. Bracy, deceased, against whom they have a judgment at law ; charging defendants with having received, and being in possession of property of said debtor ; and also charges them with being indebted to said Bracy. Now, admitting all this to be true, what is their remedy ? Can they come into this court for relief ? The chancellor of this State, in the case of *Pleasants* v. *Glascock,* which case was precisely analogous in every respect to the case now before the court, says : " A mere general creditor, holding a purely legal claim against the estate of a deceased person, cannot come here for the satisfaction of that claim against one who has intermeddled with, and possessed himself of that estate. In such case, the creditor has a plain, adequate, and unembarrassed remedy at law." To which opinion we respectfully refer as decisive of this case. See S. & M. Ch. Rep. 17.

The bill should be dismissed on demurrer, because there is no privity between complainants and the defendants, who are sought to be charged as debtors of Bracy. Judge Story states the doctrine thus : Although the complainants have " an interest in the estate of deceased, and have a right to have it applied to answer" their " demands, yet he has no right to institute a suit against the debtors for the purpose of compelling them to pay their debts in satisfaction of his demands." See Story's Equity Pleadings, 513 and 514.

The demurrer will be sustained, where it is apparent that some other court possesses the proper jurisdiction ; and where such jurisdiction is exclusive, it is clear that no jurisdiction can attach in equity. The jurisdiction in this case belongs exclusively to the Probate Court of Noxubee county, where equity can be done among all the creditors of Bracy. Story's Equity Pleadings, 490. And it is no answer to say that no administration on said estate has been taken out. This fact cannot, of itself, give jurisdiction to this court. The next of kin were first entitled to administration. And

if no such person apply for administration, within sixty days from the death of an intestate, the court may grant administration to any creditor applying for the same. Hutch. Dig. 655. And if no such application, it is then made the duty of the Probate Court to appoint the sheriff of the county. Hutch. Dig. 680. So the legal remedy of complainants is plain and unembarrassed.

The complaint is a mere feeling bill, consisting of vague suppositions and surmises. See Story Pleadings, 325.

FISHER, J., delivered the opinion of the court.

This was a creditor's bill, filed by the appellants in the Vice-Chancery Court at Macon, to subject certain property and equitable assets to the payment of two judgments recovered by the appellants against John T. Lyles and William R. Bracy, and to the payment of a judgment recovered against the same parties and William D. Lyles, under the name of Lyles, Bracy & Co.

The bill contains the usual allegations in such bills, of the issuing of executions on the several judgments, and the return of *nulla bona*, &c. It then proceeds to aver the death of Bracy; that no administration has been granted upon his estate ; that the complainants, being non-residents of the State, cannot obtain letters of administration; and that they have been unable to procure any other person so to do. That Bracy left a large estate, consisting of furniture, slaves, &c., all which has passed into the hands of his widow, and her father, Yates ; that these parties set up a claim to said property, but that such claim is fraudulent as to the complainants. The bill also alleges that the defendants, John T. Lyles and William D. Lyles, have divers choses in action, consisting of notes, accounts, &c., which cannot be described by the complainants, as they are ignorant of the names of the several persons against whom said claims exist, and prays a discovery as to these matters, as well as to the estate of said parties.

Mrs. Bracy and Yates appeared and filed a demurrer to the bill, which demurrer was sustained by the vice-chancellor, and the bill dismissed. From which decree this writ of error has been prosecuted.

As to John T. and William D. Lyles, no appearance appears to have been entered, and their rights will therefore not be noticed.

The bill, as to the property of Bracy, is full and definite. The claim of Mrs. Bracy and of her father is minutely set forth, and is alleged to be fraudulent. It is true, that no administration has been granted upon Bracy's estate; but these parties are charged to have intermeddled with the estate, and are therefore executors in their own wrong, and could be sued as such in a proper case at law. Bracy was a party to all the judgments; and was, of course, though sued as a partner, individually liable for all. Under these circumstances, it is difficult to perceive why the bill, as to the property alleged to be fraudulently claimed by Mrs. Bracy and Yates, cannot be sustained.

It may be true, that the bill is vague and indefinite as to the property in the hands of John T. and William D. Lyles; but this is no reason why it should not be sustained as to another debtor, or parties claiming his estate, when no such objection can be urged to the bill.

Bracy was legally bound to pay all the judgments; and the bill alleges that the property, which ought to be applied to their payment, has, by fraudulent means, gone into the possession of the above-named defendants, who set up a fraudulent claim to said property, which is minutely described. The very statement of the facts appears to be sufficient to settle the question as to the jurisdiction of a court of equity. It is no answer to say, that William D. Lyles is a party to one of the judgments, and not a party to the other two, when the main object of the bill is to subject the property of Bracy, who was a party to all the judgments, and when he was as much bound for their payment as if he were the only party thereto.

We are therefore of opinion, that the court below erred in sustaining the demurrer to the bill.

Decree reversed, demurrer overruled, and cause remanded.