GEORGE S. ELLIS v. J. N. McGEE, GUARDIAN.

1. EXECUTOR DE SON TORT. *Bill in equity against. What necessary to contain.*

M., as the guardian of L., a minor, exhibited a bill which set out that he, as such guardian, obtained a decree against E. in 1874; that E., soon after the decree, transferred certain of his property to his son G. to avoid paying the decree; that E. diéd, and G. appropriated and converted to his own use certain other of the property of E.; that no administrator was appointed until November, 1883, and this bill was filed in December, 1884; that the decree was revived against the estate of E. soon after the administrator was appointed. The bill prayed that a decree be rendered against G. as executor *de son tort* for the amount of the decree formerly rendered in favor of M. as guardian of L., or for so much thereof as the value of the property of E., so converted by G. *Held*, on demurrer, that the bill shows equity. *Garner* v. *Lyles*, 35 Miss. 176, cited.

2. LIMITATION OF ACTIONS. *Infancy. Section 2694, Code of 1880. Case in judgment.*

A decree was rendered against E., in favor of M., as guardian of L., a minor, in 1874. E. died in May, 1878, and no administrator of his estate was appointed until November, 1883, when the decree was revived against the estate of E. In December, 1884, M., as guardian, L. still being a minor, filed a bill against the administrator of the estate of E., and also against G.

as executor *de son tort.* *Held,* that the statute of limitations is no defense, because of the infancy of the ward to whom the money is due by decree, and that the case is governed by the Code of 1871, as the bar is not complete by § 2694, Code of 1880.

APPEAL from the Chancery Court of Prentiss County.

HON. BAXTER MCFARLAND, Chancellor.

In December, 1884, Jno. N. McGee, guardian of Lucinda M. McGee, a minor, heir of his deceased wife, M. M. McGee, exhibited his bill against Geo. S. Ellis and J. Q. Robins, the latter being administrator of the estate of J. B. Ellis, deceased, which set out, in substance, that in 1857 J. B. Ellis was appointed administrator of the estate of one George Burton ; that in 1874 a decree was rendered against J. B. Ellis, as such administrator, for four thousand four hundred and eighty-three dollars and thirty-three cents in favor of the heirs of George Burton, and nine hundred and forty-one dollars and sixty-six cents of this amount was ordered to be paid to Jno. N. McGee, as guardian of the minor heirs of M. M. McGee, she having been one of the heirs of George Burton ; that this decree was duly recorded in Prentiss County ; that Jno. B. Ellis died in 1878 intestate, and no administrator of his estate qualified until November, 1883, when J. Q. Robins was appointed ; that after the appointment of Robins as such administrator, the decree against J. B. Ellis was duly revived against the estate ; that George S. Ellis came into possession and converted to his own use a large quantity of property belonging to the estate of his father, J. B. Ellis ; and that J. B. Ellis, before his death, fraudulently conveyed a large lot of property to George S. Ellis in order to avoid paying the above decree ; that at the time of the filing of the present bill Lucinda M. McGee was still a minor, but that the other heirs of M. M. McGee were then of age. The bill prayed that Robins, the administrator, be required to account, and if sufficient assets were not in his hands to pay the above claim against the estate of J. B. Ellis that a decree be rendered against said George S. Ellis for the balance so due, or for such amount as said George S. Ellis had received from the estate of J. B. Ellis. The defendant, George S. Ellis, demurred to the bill, which demurrer was overruled, and he appealed.

*Green & Boone,* for the appellant.

1. Where a fraudulent conveyance is recorded, and the circumstances are public, so that the judgment creditor has the means of finding out the character of the transaction, the doctrine of concealed fraud does not apply so as to prevent the running of the statute of limitations.

After the creditor has lost his judgment lien after a lapse of seven years, as prescribed by statute, the court of equity will decline to aid him to set aside a fraudulent conveyance of his debtor's lands. *Porter* v. *Mathews,* 53 Miss. 140 ; affirmed in *Fleming* v. *Grafton,* 54 Miss. 79.

2. Section 2683 of the code provides that if any person entitled to bring any of the foregoing actions hereinbefore mentioned, or liable to any such action, shall die before the expiration of the time herein limited therefor, such action may be commenced by or against the executor or administrator of such person after the expiration of said time, and within one year after the death of said person.

This suit was not brought within the time provided in this statute.

*J. Robins* and *J. L. Finley,* for the appellee.

1. The first cause of demurrer is " want of equity."

The bill contains a statement of facts which gives a court of equity jurisdiction, and requires relief. There is no want of equity. The courts of chancery are given jurisdiction in " all matters of equity." Code 1880, § 1829, in matters of administration ; Ib., §§ 1829 and 1834.

2. The decree was rendered in 1874. Ellis died in 1878. There was no administration till November, 1883. The original bill was filed December, 1884.

The bar was certainly not complete at Ellis' death. Section 2162 of Code of 1871 gives one year after date of letters within which to bring suit, and the first six months after date of letters is not to be computed as part of said year. This gives eighteen months after grant of letters in which to bring suit against the administrator. Suit was brought in the case at bar within thirteen months after date of letters. See Code of 1871, §§ 1184, 2162,

and 2170 ; *Adams* v. *Williams*, 57 Miss. 38 ; *Jennings* v. *Love*, 24 Miss. 249 ; *Dowell* v. *Wilber*, 2 S. & M. 452 ; *Sledge* v. *Jacobs*, 58 Miss. 243; *Rembert* v. *Key*, 58 Miss. 533 ; *Cooke* v. *Reynolds*, 58 Miss. 243 ; *Boyce* v. *Francis*, 56 Miss. 573, and cases there cited. *Sivley* v. *Summers*, 57 Miss. 712.

The right accrued under Code of 1871, and hence must be determined by the laws then existing. Code of 1880, § 2692; 41 Miss. 71.

CAMPBELL, J., delivered the opinion of the court.

The equity of this bill is transparent and abundant. *Garner* v. *Lyles*, 35 Miss. 176.

The statute of limitations is not a defence, because of the infancy of the ward to whom the money is due by the decree. *Bacon* v. *Gray*, 23 Miss. 140 ; *Fearn* v. *Shirley*, 31 Miss. 301 ; *Pearson* v. *McMillan*, 37 Miss. 588 ; *Pittman* v. *McClellan*, 55 Miss. 299 ; *Eckford* v. *Evans*, 56 Miss. 18.

The bar has not become complete by § 2694 of the Code of 1880, and therefore the case is governed by the Code of 1871, under which the cases cited govern.

*Affirmed.*