ELLA H. PATTY, ADM'X, ET AL. v. B. J. WILLIAMS ET AL.

1. CHANCERY COURT. *Parties.*

Only those who have some concern in the litigation, or whose presence is necessary to do complete justice between the parties in interest, are necessary parties in a chancery suit.

2. SAME. *Suit on guardian's bond. State as obligee. Not necessary party.*

The state, although nominally the obligee, is not a necessary party to a suit in chancery on the bond of a chancery clerk acting as guardian of minors, to recover their estate; and this, although § 3056, code 1892, provides that official bonds shall be made payable to the state, and shall be put in suit in the name of the state for the use and benefit of any person injured by a breach thereof.

3. SAME. *Parties. Voluntary grantees of surety. Code 1892, § 503.*

In a chancery suit by wards on the bond of their former guardian to recover their estate, they may join as defendants voluntary grantees of a deceased surety, in order to subject property in their hands so conveyed, such voluntary conveyance being, in legal contemplation, fraudulent, and subject to be set aside at the suit of creditors, under § 503, code 1892. *Ellis* v. *McGee,* 63 Miss., 168.

4. RES JUDICATA. *Accounting by guardian. Suit on bond.*

The fact that the personal representative of a deceased guardian has filed accounts of the guardianship, exceptions to which are pending, will not prevent a suit on the bond by the wards for an account and to recover their estate, and to subject property fraudulently conveyed by one of the sureties.

FROM the chancery-court of Noxubee county.

HON. T. B. GRAHAM, Chancellor.

This bill was exhibited by B. G. Williams, an adult, and by the guardian of Benton, George G. and Andrew M. Williams, against Ella H. Patty, administratrix of the estate of Robert C. Patty, deceased, late chancery clerk of Noxubee county, and against the sureties on his official bond. The bill alleges that Patty, by virtue of his office as chancery

clerk, was appointed guardian of complainants, and was acting as such at the time of his death; that the estate of said Robert C. Patty is largely indebted to complainants by reason of his said guardianship; that Ella H. Patty is his administratrix, and, as such, has filed a final account of his guardianship of complainants; that the account is not correct, and exceptions have been filed thereto, and the account, with the exceptions thereto, is pending; that the estate of Robert C. Patty is insolvent.

In addition to the living sureties, the bill joins as defendants the widow and children of C. B. Ames, a deceased surety, who had voluntarily conveyed to them his real estate. The several tracts of land so conveyed are set out, and the bill alleges that the conveyances, being voluntary, are, in legal contemplation, fraudulent and void as to complainants. It prays that the deeds may be canceled and the land conveyed subjected to the payment of such balance as may be found due complainants by the estate of Robert C. Patty.

To this bill Ella H. Patty, administratrix, interposed her separate plea and demurrer. The grantees of Ames also demurred, and, from a decree overruling their demurrer, have appealed. The opinion sufficiently indicates the points presented by the demurrer of appellants.

*Mayes & Harris* and *C. B. Ames*, for appellants.

1. The state of Mississippi is a necessary party to this suit. One of the things prayed for is a money decree against the official bond on which Ames was a surety. The bill includes, among its other features, a suit on the bond, and therefore falls within the injunction of § 3056, code 1892, that bonds of all public officers shall be made payable to the state, and be put in suit in the name of the state for the use and benefit of any person injured by the breach thereof. The statute is mandatory, and it makes no difference what is the usual rule about the joinder of parties.

2. It appears from the bill that an accounting of the guard-

ianship is still pending, and exceptions thereto are undetermined. The bill is prematurely filed, no decree having been rendered against the administratrix for any balance. It is not maintainable as a creditor's bill against the grantees of Ames. No judgment has been rendered ascertaining the amount of the indebtedness. Section 503, code 1892, which alone authorizes such bills to be filed without precedent judgment or decree, does not apply. It does not apply to any thing but conveyances technically fraudulent as distinct from those technically voluntary. Where complainant is unable to allege fraud in fact, there is no need for such a stringent proceeding in advance of a determination of the question of debt. The statute should not, by construction, be extended beyond the evil to be remedied. *Bank* v. *Buddig*, 65 Miss., 284.

*Rives & Rives*, for appellant.

The state is not a necessary party. Section 2117, code 1880, provides that the official bond of the chancery clerk shall serve as his guardian's bond, and that he shall be liable in all respects as their guardian. Other guardians for any misappropriation are liable to a suit in chancery by the wards directly, and not in the name of the state, yet their bonds are payable to the state; and so of administrator's bonds. That such suits are maintainable without the presence of the state as a party, see *Clopton* v. *Haughton*, 57 Miss., 787; *Brasfield* v. *French*, 59 *Ib.*, 632; *McWilliams* v. *Norfleet*, 60 *Ib.*, 987; *Bell* v. *Rudolph*, 70 *Ib.*, 234. In none of these cases was suit brought in the name of the state.

This is not a suit at law, which must be brought by the holder of the legal title, but is a suit in equity, where only parties actually interested should be joined. 1 Pomeroy's Eq. Jur., § 113.

The conveyances by Ames to appellants are voluntary, and therefore fraudulent as to creditors. A contingent claim is as fully protected as one that is absolute, and the liability of

a surety is within the statute. Bump on Fr. Con., 492; Wait on Fr. Con., § 90; *Pennington* v. *Seal*, 49 Miss., 518. The grantees of Ames, therefore, stand in the attitude of holding a part of the property to which these complainants have a right to look for a satisfaction of their claims. Complainants are entitled to have the deeds canceled, and of course the grantees are necessary parties.

CAMPBELL, C. J., delivered the opinion of the court.

· The voluntary grantees of Ames, one of the obligors on the official bond of R. C. Patty, on whom the guardianship of the minors was devolved in accordance with law, were proper parties to this suit, brought by the former wards to recover of their former guardian and his sureties for performance of official duty their estate in his hands, and to fasten liability for the result of the accounting sought on his sureties. It is true that the donees of Ames, one of those sureties, were not on the bond, and are not his personal representatives; but he is dead, and they are in possession, by virtue of conveyances from him, voluntarily made during his liability on Patty's bond, of all his property, and they are proper parties on the principle announced in the following cases: *Vanwinkle* v. *Smith*, 26 Miss., 491; *Garner* v. *Lyles*, 35 Miss., 176; *Ellis* v. *McGee*, 63 Miss., 168, and illustrated by *Buie* v. *Pollock*, 55 Miss., 309; and, since a voluntary conveyance by a debtor of all his property is fraudulent in legal contemplation, we fail to see why a creditor of a debtor who makes a voluntary conveyance of all he owns may not invoke the benefit of § 503, code 1892, and, on this ground, the voluntary grantees of the surety, Ames, were properly made parties.

The state of Mississippi is not a necessary party to such a bill. It cannot be made a defendant. It has no interest in the subject or object of the suit. No judgment that can be rendered can affect it, and its being a party to the suit is not matter of concern to the defendants. There is, therefore, no

principle on which it can be held that the state should be a
party. If a party, it would be a formal and nominal one,
made such for no purpose, and accomplishing nothing.
True, the general rule is that the holder of the legal title
must be a party, so as to conclude the legal title by the de-
cree. That is because the holder of the title might assert
it in another suit, but the state could never be heard to
assert any claim on the matter involved in this suit, and a
decree in this suit would protect the defendants against any
demand on the bond to the extent covered by the decree.
The state is the obligee in the bond, but it has made the bond
a security for others who are entitled to resort to it as a
means of satisfaction of their demands. The bond is mere
inducement, used to show who are liable, and how to respond
to the demand of complainants. At law, because of its re-
gard for forms, the action would be in the name of the ob-
ligee in the bond for the use of the real parties in interest.
Equity rises above such fetters, disregards merely useless
forms, and looks only to substance, and, hence, requires only
those to be parties who have some concern in the litigation
or whose presence is required to do complete justice between
the parties; and, tested by this rule, the state is not a neces-
sary party.

The learned counsel for the appellants have not claimed
that the state is a necessary party on the general rules of
chancery procedure, but put the claim on the language of
the statute requiring official bonds, which provides for them
to be " made payable to the state, and shall be put in suit in
the name of the state for the use and benefit of any person
injured by the breach thereof." Code 1892, § 3056. We do
not regard the language quoted as intended to prescribe a
formula for suits, or to do more than to declare that such
bonds shall be held by the state as a security for all injured
by their breach. The expression used may have been sug-
gested by the fact that, when the statute was originally
framed, all suits on such bonds, as now most of them are,

were brought in courts of law, where literally the direction of the statute is observed, and suits are brought in the name of the state for the use, etc.

The statute under which the clerk of the chancery court may be made guardian, declares that his official bond shall cover his liability as guardian, and it says nothing as to how suit shall be brought to enforce this liability. Another statute gives the right to resort to the court appointing a guardian to enforce the liability of obligors in the bond, which stands as security for the rights of parties. Counsel admit the jurisdiction of the court in this case, and complain only of the procedure, and, believing that to be free from any valid objection, the decree will not be disturbed on that account.

The point that the administratrix of the deceased guardian has filed accounts of the guardianship, and they have been excepted to and are pending, is not available as an objection to this suit. That is a suit, as it were, by the personal representative of the deceased guardian against his former wards, while this is a suit by them not only for an account of their estate in the hands of their guardian, but with the further object of reaching the obligors on the official bond of the guardian, and obtaining satisfaction of the decree sought. A final decree on the suit of the administratrix of the guardian might settle the sum for which the guardian was liable, but nothing more, and the pendency of that presents no ground of objection to this. Even a final decree in the accounting by the representative of the guardian would be only *prima facie* and not conclusive against his sureties, which furnishes another sufficient answer to the objection that this suit is premature.

*The demurrer was properly overruled, and the decree is affirmed, with leave to answer in thirty days after mandate filed in the chancery court as of last term of said court.*