838   Gillespie *v.* Hauenstein.  [Mch., 1895.

Statement of the case.

Robert Gillespie *v.* R. Hauenstein et al.

1. Action in Behalf of a Lunatic. *How brought. Parties. Next friend.*

 A suit in behalf of a lunatic against the sureties on his deceased guardian's bond is properly brought in the name of the lunatic suing by his guardian and next friend. *Finney* v. *Speed*, 71 Miss., 32.

2. Probate Court. *Decree appointing guardian. Jurisdiction presumed. Collateral attack.*

 A decree of the probate court appointing a guardian to a lunatic cannot be attacked collaterally, on the ground that it does not affirmatively appear that the court had jurisdiction over the lunatic, or that he had notice of the proceedings. *Ames* v. *Williams, ante,* p. 760.

3. Chancery Court. *Suit on guardian's bond. Heirs of surety, when proper parties.*

 In a suit in chancery on a guardian's bond, the heirs of a deceased surety are proper parties, where his estate has been finally administered and distributed, and it is sought to subject the same in the hands of the heirs.

From the chancery court of Noxubee county.

Hon. W. T. Houston, Chancellor, presiding by interchange.

The bill in this cause was filed by J. A. Tyson, as guardian and next friend of Robert Gillespie, a lunatic, against R. Hauenstein, M. B. Graham, and G. H. Kimbrough, sureties on the bond of Joseph Bardwell, former guardian of said lunatic, and the heirs of J. A. Minniece, a deceased surety. The bill alleges that in 1867 Robert Gillespie was declared insane by an inquisition of lunacy duly instituted by the probate court of Noxubee county; that afterwards, in 1872, Joseph Bardwell was appointed his guardian by the chancery court of said county, and qualified as such; that after taking possession of the estate of the ward, pursuant to an order of said court, he executed a new bond with the above-mentioned defendants and J. A. Minniece as sureties; that Minniece died in

1892, leaving considerable personal property and a large body of lands in Kemper county, described in the bill; that his estate was administered in the chancery court of Kemper county, and the final account of the administrator was approved, and the estate, consisting of money and certain real estate described in the bill, had been distributed among his heirs; that Bardwell, the guardian, was living, and was in charge of the estate of complainant during the administration of Minniece's estate, and it was impossible for complainant to assert his rights against said estate before the final settlement thereof.

The bill further alleges numerous defaults of Bardwell, as guardian, after the execution of said bond; that the moneys which had been misappropriated exceeded $5,000, the amount of the bond; that Bardwell died, leaving no estate, and that all the sureties, except Hauenstein, Graham and Kimbrough, have died or gone beyond the jurisdiction of the court; and that neither Bardwell, nor any of such deceased or absent sureties, left any estate in Mississippi, except John A. Minniece, as above stated.

The bill prays for an accounting and for a decree against the sureties for the amount due, and for a decree against the heirs of Menniece, subjecting to the satisfaction of the decree the lands of his estate received by them in distribution.

The defendants demurred to the bill on the grounds, among others, that the bill does not show that the chancery court of Noxubee county had jurisdiction over the person of complainant in 1872, or jurisdiction to appoint Bardwell guardian, or that the lunatic was notified of the proceedings in the matter of such appointment; that the bill does not show that Tyson had ever been appointed guardian, and that he has no authority to prosecute this action against defendants, as guardian and next friend.

To so much of the bill as seeks to subject the lands of the estate of John A. Menniece in the possession of his heirs, the latter demur, on the ground that they were improperly joined as parties, the complainant's remedy, if any he has, being, as

they contend, against the administrator of said Minniece, instead of his heirs.

The court sustained the demurrer, and gave complainant leave to amend the bill, and from this decree complainant appeals.

*Ames & Drake,* for appellant.

1. The suit was properly brought by the guardian and next friend. The case of *Covington* v. *Meftzger,* 140 Ill., 608, is opposed to the weight of reason and authority here and elsewhere. *Klaus* v. *State,* 54 Miss., 644; *Bull* v. *Dagenhard,* 55 *Ib.,* 602; *Thomas* v. *Dike,* 11 Vt., 273; *Cook* v. *Thornhill,* 13 Tex., 293; 1 Daniel's Chan. Pr., 82, 83. And this applies to lunatics as well as infants. *Finney* v. *Speed,* 71 Miss., 32; *Cook* v. *Thornhill, supra.* Nor is it necessary for the pleading to show the authority of the next friend to appear. *Klaus* v. *State, supra.* And the fact that there is a guardian does not render it improper to sue the next friend; but the suit may be by guardian and next friend. *Bull* v. *Dagenhard, supra; Thomas* v. *Dike, supra.*

2. The allegation of the bill that Bardwell was duly appointed by the chancery court as the complainant's guardian, together with the order of appointment copied as an exhibit, sufficiently show a valid appointment, without any allegations as to prior jurisdictional facts: (1) Because no more is required by the recognized rules of pleading. 1 Daniell's Chan. Pr., 320; Story Eq. Pl., §§ 252, 253; *Archer* v. *Jones,* 26 Miss., 583; *Cason* v. *Hubbard,* 38 *Ib.,* 35; *Greanes* v. *Atkinson,* 68 *Ib.,* 598. (2) Because the order of the chancery court is presumed to be valid, and is not open to collateral attack. *Root* v. *McFerrin,* 37 Miss., 17; *Scott* v. *Porter,* 44 *Ib.,* 364; *Cannon* v. *Cooper,* 39 *Ib.,* 784; *Ward* v. *State,* 40 *Ib.,* 108; *Pollock* v. *Buie,* 43 *Ib.,* 140; *Harper* v. *Hill,* 35 *Ib.,* 63; *Cason* v. *Cason,* 31 *Ib.,* 578; *Weir* v. *Monahan,* 67 *Ib.,* 434; *Ames* v. *Williams, ante,* p. 760; 20 Ohio, 344; 48 Minn., 339; 29 Mo., 271; 13 Ill.,

432; 3 Gill & J., 103; 18 L. R. Ann., 242, and note.   (3) Because the appointment will be presumed to be valid after twenty years.   83 Ala., 528; 47 Am. Dec., 584; 17 Mass., 68; 67 Tex., 368; 1 Greenleaf Ev., § 19.   (4) Because the sureties are estopped to deny the validity of the appointment, since their signing of the bond enabled the principal to have the actual powers and privileges of guardian.   *State* v. *Cooper*, 53 Miss., 615; *State* v. *Harney*, 57 *Ib.*, 863, 886; *Byrne* v. *State*, 50 *Ib.*, 688; *Taylor* v. *State*, 51 *Ib.*, 79, 82; *Schullherr* v. *State*, 68 *Ib.*, 227; 3 Gill & J., 103; 25 Ark., 108; 9 Ired., 250; 78 Ind., 68; Murfree on Official Bonds, §§ 583, 672, 674, 358.   *Thomas* v. *Burrus*, 23 Miss., 550, and cases following it, denying estoppel, should be overruled because they are in conflict with reason and with the above authorities, and they are not protected by the principle of *stare decisis.·*  97 Ill., 338; 14 *Ib.*, 304; 2 Eng., 207; *Gully* v. *Dunlap*, 24 Miss., 410; *Boon* v. *Bowers*, 30 *Ib.*, 246; *Garland* v. *Rowan*, 2 Smed. & M., 617; *Lanier* v. *State*, 57 Miss., 102; *Lombard* v. *Lombard*, *Ib.*, 171.

3. The complainant is entitled to the relief prayed against the lands descended to the heirs of John A. Minniece, the deceased surety.   *Buie* v. *Pollock*, 55 Miss., 309; *Purtee* v. *Kortrecht*, 54 *Ib.*, 66; *Smith* v. *Everett*, 50 *Ib.*, 575; *Patty* v. *Williams*, 71 *Ib.*, 837; *Ellis* v. *McGee*, 63 *Ib.*, 168; *Westbrook* v. *Munger*, 61 *Ib.*; 329; 62 *Ib.*, 316; 64 *Ib.*, 575; *Buckingham* v. *Walker*, 51 *Ib.*, 491; 2 Woerner on Administration, 1261, 1272.   And this right to relief is not cut off by the discharge of Minniece's administrator.   *Pollock* v. *Buie*, 43 Miss., 140.   Nor by failure to register the claim against Minniece's estate.   *McWilliams* v. *Norfleet*, 60 *Ib.*, 987; *Gordon* v. *Gibbs*, 3 Smed. & M., 473.   Nor by the former sufficiency of personal estate.   *Evans* v. *Fisher*, 40 Miss., 643; *Stigler* v. *Porter*, 42 *Ib.*, 449; Code 1892, §§ 1881, 1893, 1895, 1899.

*Hamm, Witherspoon & Witherspoon,* for appellees.

The court had no power to appoint a guardian for the lunatic, unless the jury had found that he was of unsound mind and mentally "incapable of taking care of himself." 2 Am. & Eng. Enc. L., 117; 7 Paige, 236; 2 Johns. Ch., 232; 6 Am. St. Rep., 915; Enc. Brit., title "Insanity;" 108 Mass., 120. Bardwell, being illegally appointed, was not liable as a guardian but as a wrongdoer, and defendants, his sureties, are not liable on the bond. *Boyd* v. *Swing,* 38 Miss., 182; *Thomas* v. *Burrus,* 23 *Ib.,* 550; *Earl* v. *Comer,* 42 *Ib.,* 165; *Comer* v. *Wilson,* 61 *Ib.,* 233. Without such finding, the appointment was a nullity. *Armstrong* v. *Burton,* 42 Miss., 506; *Steele* v. *Palmer,* 41 *Ib.,* 88; *Porterfield* v. *Butler,* 47 *Ib.,* 165; 1 Freeman on Judgments, § 117; 2 Rapalje Dig., 2025. See, also, *Treadwell* v. *Herndon,* 41 Miss., 38; *Dogan* v. *Brown,* 44 *Ib.,* 235; *Erwin* v. *Carson,* 54 *Ib.,* 282; 34 Cal., 391. This defect of jurisdiction is apparent on the face of the bill.

The appointment of the guardian was void. The record does not show that the lunatic resided in the county. It was also necessary that the lunatic should have notice. To say that one is insane, and, therefore, not entitled to notice, is to decide the question before it is tried. 4 Gray, 63; 14 Mass., 222; 21 Ala., 304; 12 *Ib.,* 823; 5 Pick., 219; 7 Metc., 297; Lawson's R., R. & Pr., § 5848; *Jack* v. *Thompson,* 41 Miss., 49; 113 U. S., 586. No presumption of jurisdiction arises from the mere exercise of it. *Marks* v. *McElroy,* 67 Miss., 545; *Boyd* v. *Swing, supra.* As to the necessity to show residence in the county, see *Herring* v. *Goodson,* 43 Miss., 392; *Duke* v. *State,* 57 *Ib.,* 229; *Marks* v. *McElroy, supra.*

The suit was improperly brought by the next friend. He has no authority to bind him. 33 Am. St. Rep., 261. As we have seen, there has been no valid appointment of a guardian. The heirs of Minniece are improper parties. If the estate is liable, the claim should be presented to the administrator, and, if refused, he should be sued, not the heirs. If lands of the

Opinion of the court.

estate are needed to pay debts, the law provides how they are to be sold. The alleged final settlement and distribution can be no legal defense to the administrator. *Pollock* v. *Buie*, 43 Miss., 140.

Argued orally by *J. W. Drake*, for appellant.

COOPER, C. J., delivered the opinion of the court.

The suit was properly brought by the lunatic suing by his guardian and next friend. The action is that of the lunatic, represented in its prosecution by others because of his incompetency. *Finney* v. *Speed*, 74 Miss., 32; *Bull* v. *Dagenhard*, 55 *Ib.*, 602; *Klaus* v. *State*, 54 *Ib.*, 644.

It is not competent, in this proceeding, to collaterally attack the decree appointing Bardwell guardian of the lunatic. *Ames* v. *Williams, ante*, p. 760.

The heirs at law and distributees of the deceased surety, Minniece, are proper parties defendant. *Patty* v. *Williams*, 71 Miss., 837; *Van Winkle* v. *Smith*, 26 *Ib.*, 491; *Garner* v. *Lyles*, 35 *Ib.*, 176; *Ellis* v. *McGee*, 63 *Ib.*, 168; *Buie* v. *Pollock*, 55 *Ib.*, 309.

*The decree is reversed, demurrers overruled and cause remanded, with leave to the defendants to answer within thirty days after mandate filed.*