ELIAS A. ROWAN *v.* JOHN S. DECELL, ADMINISTRATOR.

CHANCERY PLEADINGS.  *Certainty.  Alternate liability.*

> A bill in equity is demurrable if it fail to state a fact necessary
> to the determination of whether the right to the cause of action
> sought to be enforced be in complainant or some other person.

FROM the chancery court of Copiah county.

HON. ROBERT B. MAYES, Chancellor.

Decell, administrator, the appellee, was complainant in the
court below; Rowan, appellant, was defendant there. From a
decree overruling a demurrer to the bill of complaint, the de-
fendant appealed to the supreme court. The facts are stated
in the opinion of the court.

*R. N. Miller,* for appellant.

Decell, as administrator, is asking a decree against Rowan
for money not belonging to Mrs. Lamb, and which could not be
used to pay her debts or distributed to her heirs, but for money
declared in the bill to belong to the Hicks heirs. *Cocke* v.
*Rucks,* 34 Miss., 106. This case settles the one at bar. Our
court stands in that line of courts holding that the guardian
does not get the legal title of his ward's estate, but is only trus-
tee for the ward, and takes no title to the assets, the legal title
to which remains in the ward.

If the guardianship has terminated then the wards themselves
can alone sue for the debts claimed against Rowan in this bill.

*Cocke* v. *Rucks, supra,* was just that case. Rucks was the
succeeding guardian, the preceding one having died, and the
court held he could sue for debts yet due the wards.

The effort here is to circumvent suit by the Hicks heirs who
are now of full age, and Rowan has their release in full for
$1,500 for all and every liability. As soon as Rowan paid for

this release they then fell upon the plan of evading it by having Decell sue as administrator.

*Watkins & Easterling,* for appellee.

The purpose of this bill is to recover, not as counsel would have the court believe, a debt due to the wards of Mrs. M. B. Lamb, guardian, but a debt which the defendant is due to the estate of Mrs. M. B. Lamb on account of the employment by Mrs. M. B. Lamb of the defendant as her agent from the years 1884 to 1890, the date of her death, while she was guardian in name of the Hicks children. And as the bill alleges, for these very items which it claimed that the defendant collected in the name of Mrs. M. B. Lamb, guardian, there has been a decree rendered against the estate of Mrs. M. B. Lamb.

If recovery be had herein the money recovered will belong to and will be subject to distribution among the heirs and distributees of Mrs. M. B. Lamb, deceased, whose administrator this complainant is.

The court will see, of course, that the receipt which the defendant Rowan holds from the Hicks children, who were Mrs. Lamb's wards, on account of his suretyship and her said guardianship bond, and on account of his administration of the estate of their father, C. W. Hicks, is no sort of defense to the purpose and object of the bill in this cause.

Truly, J., delivered the opinion of the court.

The bill of complaint herein charges that Mrs. M. B. Lamb was, in the year 1884, appointed guardian of the minor heirs of C. W. Hicks, deceased; that she qualified as guardian by giving a bond, with appellant, E. A. Rowan, and one other, as sureties thereon; that Rowan was the son-in-law of Mrs. Lamb, and acted as her general agent; that, as such agent, he received of the estate belonging to said minors certain personal property, the proceeds of an insurance policy and the rents of certain real property, aggregating the sum of about $5,000; that, instead of

applying this to the use and benefit, or support of the minors, or reporting it to the proper chancery court, he appropriated the same to his own use, with the exception of about $600, which was paid over to said guardian, and by her expended for the maintenance and support of her said wards; that Mrs. Lamb, the guardian, died on December 25, 1890, never having filed an annual or final account of her said guardianship; that when the Hicks heirs became of age, appellee was appointed administrator of the estate of the decedent, M. B. Lamb, and, as such, was required to file a final account of said guardianship for his intestate; that, by a proper proceeding, on the 16th day of October, 1902, a decree was rendered in said guardianship matter showing a balance due to the said wards of $7,455, and a final decree was rendered against the estate of the said guardian, Mrs. M. B. Lamb, for said sum. But the bill does not state whether or not the said decree has been paid and satisfied. The bill further charged that the said Mrs. Lamb at no time had any of the funds or property of said guardianship estate in her possession, except as collected by the appellant, Rowan, as her agent, and that she depended on him to file the necessary accounts as required by law, and this he promised, but failed to do. To this bill of complaint appellant demurred, and, the demurrer being overruled, appealed.

If the facts stated be true, it is manifest that the appellant, Rowan, still owes the moneys collected by virtue of his said agency. But the bill of complaint fails to show definitely to whom the money is legally due, or to whom Rowan should now account. If the decree in question against the estate of Mrs. M. B. Lamb, on account of her said guardianship, has been paid by said estate, then the moneys collected by Rowan and appropriated to his own use, now, by operation of law, belong to this appellee as administrator. But if the decree has not been settled by the estate of the guardian then this money belongs to the heirs of C. W. Hicks, who are now adults. Inasmuch as the bill of complaint herein failed to show to whom the money was le-

gally due, and as this was a necessary averment, so that Rowan might not be sued twice for the same subject-matter, the demurrer should have been sustained.   So far as the bill of complaint shows, said decree is unsatisfied, and Rowan is still liable to be sued as a surety by the Hicks heirs on the guardian's bond, and in that suit be compelled to respond in damages for whatever sum might be legally ascertained to be due to the estate by the said guardian.   *Patty* v. *Williams,* 71 Miss., 837, 15 So. Rep., 43. Under the facts set out in the bill of complaint, Rowan owes either the estate of Lamb, or the Hicks heirs, but the bill must show, by sufficient and definite averment, to whom the money is due.   "The person legally entitled to receive the money, and who alone can give the necessary acquittance to the debtor, is the person legally entitled to prosecute the suit."   *Cocke* v. *Rucks, Guardian,* 34 Miss., 105.

*The decree of the chancellor is reversed, and the cause remanded, and the demurrer sustained, with leave granted the appellee to amend his bill within sixty days of the filing of the mandate in the court below.*